[No. 22778. Department Two. March 9, 1931.]

JOHN G. MATTHEWS *et al., Respondents,* v. GEORGE W. SAULSBERRY, *Appellant.*[2]

*Marion Garland,* for appellant.

*J. W. Bryan, Smith & Matthews,* and *John G. Matthews, Jr.,* for respondents.

BEELER, J.—The parties to this controversy appeared in this court in the case of *Matthews v. Saulsberry,* 153 Wash. 155, 279 Pac. 400, the same being cause No. 21857, and reference should be made thereto and the opinion there should be read in connection with the opinion here.

The trial court in cause No. 21857, *supra,* entered its findings and judgment on December 17, 1928, adjudicating that on December 1, 1928, Matthews and wife were indebted to Saulsberry in the sum of $3,656.88, less such amount, if any, collected by Saulsberry within

[1]Reported in 296 Pac. 1119.

[2]Reported in 296 Pac. 547.

the two days subsequent to November 28, 1928, on which date he rendered an account. Both parties, feeling aggrieved by the decision of the trial court in cause No. 21857, *supra*, appealed to this court, and we affirmed the judgment of the lower court, and, in addition thereto, directed Saulsberry to make and file a full and complete supplemental account of all collections and disbursements made by him subsequent to December 1, 1928. Furthermore, the remittitur provided that both parties be given an opportunity to be heard on the supplemental account, and that the amount due Mr. Saulsberry should then be definitely and finally determined and fixed by the trial court.

Accordingly, Mr. Saulsberry, on December 4, 1929, filed his final supplemental account, but, the parties still being in dispute and unable to agree on the various items thereof, the matter came on for trial in the superior court for Kitsap county May 8, 1930. At the trial it was established that appellant, from December 1, 1928, to May 8, 1930, had collected on various outstanding real estate contracts the sum of $5,361.68. This work entailed considerable correspondence and bookkeeping, with the attendant expenses incident thereto. Moreover, appellant caused several additional contracts to be cancelled for nonpayment, and, at the same time, forfeited certain moneys which he had theretofore collected from the respective purchasers on these various contracts. These several forfeitures, amounting to the sum of $795.68, the trial court awarded to respondents.

The matter in dispute between the parties involves various items contained in appellant's supplemental account of December 4, 1929. To set forth in detail the contention of the respective parties as to each individual item in dispute, would serve no useful purpose. Suffice it to say, inasmuch as the cause is tried *de novo*, we have examined the entire record, as well as the record in cause No. 21857, *supra*, with great care, and we are in accord with, and approve, the findings made by the trial court on all of the various items, except and subject only to the following limitations and qualifications:

(a)   Appellant is entitled to interest at the rate of eight per cent on the sum of $3,656.88 from December 1, 1928, to May 8, 1930, instead of six per cent as was allowed by the trial court.

(b)   The trial court allowed appellant $250 "for services, clerk hire, traveling expenses, stationery, stamps, postage, making deeds, and for all services or similar charges," in collecting the sum of $5,361.68 from December, 1928, to May 8, 1930, on these various real estate contracts. We are satisfied that appellant was not adequately compensated for his services in this regard, and we therefore award him, in addition to the $250 allowed by the trial court, the further sum of $536.

(c)   The appellant attempted to convey lots 38 and 38-A of Saulsberry Villa Tracts to Marion Garland by deed dated December 15,

1928, and lot 10-A and the east 70 feet of lots 50, 51, 52, and 53 of the Saulsberry Villa Tracts to Violet R. Ward by deed dated December 12, 1928. Garland and Ward each paid to Saulsberry the sum of $100 for their respective lots. The attempted conveyances by Saulsberry to Garland and Ward were in violation of the order or decree of the superior court for Kitsap county dated December 1, 1928. However, the lower court charged Saulsberry's account with the $200 received from Garland and Ward, and, at the same time, ordered Saulsberry to reconvey said lots to the respondents. This was inequitable. As to this particular item, we hold that it shall be optional for the respondents, within thirty days after the remittitur in this cause shall have been filed with the clerk of the superior court for Kitsap county, to elect whether they desire to take or retain these respective lots, and, if they do so elect, they shall pay the appellant the sum of $200, otherwise the conveyance as theretofore made by the appellant to Marion Garland and to Violet R. Ward shall stand.

The respondents, within fifteen days after the remittitur in this cause shall have been filed with the clerk of the superior court for Kitsap county, shall convey by quitclaim deed lots 35 and 35-A, Saulsberry Villa Tracts, to A. Blamey, and lots 18 and 18-A, Saulsberry Villa Tracts, to O. E. Young.

In all other respects the judgment of the lower court affecting the various items is affirmed. The respective parties shall bear their own costs on appeal. The cause is remanded with directions to the trial court to modify the judgment in accordance herewith.

TOLMAN, C. J., MILLARD, FULLERTON, and BEALS, JJ., concur.